UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAO SHENG LIN,

                Petitioner,

        v.

WARDEN, ORANGE COUNTY CORRECTIONAL
FACILITY, in his official capacity; FIELD OFFICE
DIRECTOR, NEW YORK FIELD OFFICE, U.S.
IMMIGRATION AND CUSTOMS ENFORCEMENT, in
his official capacity; SECRETARY, U.S.
DEPARTMENT OF HOMELAND SECURITY, in his
official capacity,

                Respondents.

26-CV-3221

ORDER

---

RONNIE ABRAMS, United States District Judge:

Petitioner Mao Sheng Lin, a Chinese citizen who entered the United States in 1993 without being admitted or paroled, was convicted and sentenced in 2005 to a term of 15 years to life in custody.  Upon his release on December 10, 2018, he was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") in Buffalo, New York, and subsequently released pursuant to an Order of Supervision ("OSUP").  On June 18, 2025, however, he was re-detained by ICE.  *See* Dkt. 1 ("Pet.") at 2; Dkt. 11 ("Decl.") at ¶¶ 3, 10–16.  On April 16, 2026, Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus.

"A pro se petitioner's petition for a writ of *habeas corpus* should be construed liberally and interpreted to raise the strongest arguments that it suggests."  *Agosto v. Hufford*, 2014 WL 2217908 (S.D.N.Y. May 8, 2014), *report and recommendation adopted*, 2014 WL 2217925 (S.D.N.Y. May 29, 2014) (citations omitted).  The Court construes the Petition to raise the issue of whether ICE complied with its own regulations when it re-detained Petitioner.

The Government contends that the issuance and revocation of Petitioner's OSUP were governed by 8. C.F.R. § 241.13(i). Dkt. 10 ("Opp'n) at 13 n.4. The Court recently addressed this issue in *Sanchez Martinez v. Genalo et al*, No. 26-CV-4248 (RA). In its oral ruling there, the Court relied on *E.M.M. v. Almodovar*, No. 25 Civ. 08212 (MMG), 2025 WL 3077995, at *6 (S.D.N.Y. Nov. 4, 2025) in concluding that the issuance and revocation of the petitioner's OSUP were governed by 8 C.F.R. § 241.4(l).

In light of the Court's decision in *Sanchez Martinez*, the Government is directed to submit a letter, by no later than June 17, 2026, explaining whether the facts in this case are distinguishable from those in *Sanchez Martinez* and *E.M.M.*, and why *Sanchez Martinez* does not control the resolution of the question of which regulation governs Petitioner's OSUP.

SO ORDERED.

Dated:      June 12, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge

2